IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS –
HOUSTON DIVISION

| | |
|---|---|
| DR. JEFFERY CHANG,<br><br>    Plaintiff,<br>v.<br><br>THE UNIVERSITY OF TEXAS<br>HEALTH SCIENCE CENTER AT<br>HOUSTON and THOMAS HUFF,<br>In his individual and Official capacities,<br><br>    Defendants. | <br><br><br><br><br>C.A. No. _____<br><br><br><br><br>Jury Trial Demanded |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

   DR. JEFFERY CHANG, Plaintiff, complains of THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON ("UT-H") and THOMAS HUFF ("Huff"), Defendants, and for cause of action against it and would show the Court as follows:

### 1. INTRODUCTION

1.1.   Plaintiff demands a JURY TRIAL in this case as to any and all issues triable to a jury.

1.2.   Plaintiff alleges that he was he was transferred and had his pay reduced in violation of the Uniformed Services Employment and Reemployment Rights Act Chapter 43 of Title 38, U.S. Code ("USERRA").

1.3    Plaintiff further contends that he has been discriminated against by UT-H and Huff due to his Asian race and national origin. Plaintiff's salary and other compensation are lower than non-Asian colleagues who are equally or less qualified than Plaintiff. Plaintiff brings these claims under 42 U.S.C. Sec. 1981 and 42 U.S.C. Sec. 1983.

## 2. PARTIES

2.1. Plaintiff **DR. JEFFERY CHANG** is a resident of Houston, Harris County, Texas.

2.2. Defendant **THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON** (hereinafter referred to as "UT") is a state entity operating within **THE UNIVERSITY OF TEXAS SYSTEM** and it may be served with citation by serving its counsel, Arlene Staller, Senior Legal Officer, located at 7000 Fannin, Suite 1200, Houston, Texas 77030, and copying the Office of the Attorney General.

2.3. Defendant **THOMAS HUFF** is an individual being sued in his individual and official capacity. He is not entitled to immunity as he has acted in bad faith and with complete knowledge of the violations perpetrated against Plaintiff. He may be served with process at his principal place of business located at 7000 Fannin, Suite 1200, Houston, Texas 77030, and copying the Office of the Attorney General.

## 3. VENUE

3.1. Venue is appropriate in the United States District Court for the Southern District of Texas, in that the Defendants have significant contacts within this district, the Plaintiff resides within this district, and the events that gave rise to this cause of action occurred in this district.

## 4. JURISDICTION

4.1. The jurisdiction of this Court is invoked pursuant to USERRA and 42 U.S.C. Secs. 1981 and 1983.

4.2. The unlawful employment practices were committed within the jurisdiction of this Court. The amount in controversy is within the jurisdictional limits of this Court.

## 5. FACTS

5.1. Plaintiff is employed by UT-H as an Associate Professor with tenure in the Dental School's Department of Prosthodontics ("The Department").

5.2. With respect to the claims of discrimination, Plaintiff and other Asian employees have been ridiculed and made fun of by Huff because of their race and national origin.

5.3. Plaintiff is one of the most accomplished Associate Professors in the Department. He is an excellent teacher, a great mentor, and a resourceful and published researcher.

5.4. However, despite Plaintiff's accomplishments, Huff has rated and reviewed Plaintiff poorly and completely inconsistently with Plaintiff's abilities.

5.5. Plaintiff has been compensated lower than Caucasian colleagues due to his race. Huff's actions have significantly contributed to this occurrence via his recommendations, ratings, and reviews of Plaintiff. Huff has acted against Plaintiff, and UT-H has compensated Plaintiff in a disparate fashion because of his race and national origin.

5.6. With respect to USERRA, Plaintiff serves in the armed forces. As a result of the discrimination he had experienced, Plaintiff requested a transfer out of the Department of Prosthodontics. Eventually, Plaintiff was transferred to the Department of Dental Public Health in approximately 2001.

5.7. Then, in or around late 2002, Plaintiff was activated to serve in the Army after the United States invaded Iraq. Plaintiff was scheduled to return to full time employment in the Department of Dental Public Health in August 2003. However, upon returning from active military service, Plaintiff was returned back to the Department of Prosthodontics. In addition to believing that his return to Dr. Huff's department was retaliatory, Plaintiff's compensation was significantly reduced.

5.8. In the Department of Dental Public Health, Plaintiff received approximately $30,000 in additional compensation than when employed with the Department of Prosthodontics. These additional monies resulted from working flextime which was taken away from me as a result returning to the Department of Prosthodontics.

5.9. UT-H and Dr. Huff did not permit Plaintiff to work in any other department, nor was Plaintiff permitted to remain in the Department of Dental Public Health. Even more recently, UT-H refused to accept Plaintiff's application for a position for which he is qualified. This is discriminatory, retaliatory, and in violation of Plaintiff's rights under 42 U.S.C. Secs. 1981 and 1983.

## 6. DAMAGES

6.1. As a result of Defendants' intentional, discriminatory and unconstitutional acts described above, Plaintiff has suffered and continues to suffer mental anguish, humiliation, emotional distress, all to his detriment and compensable at law. Plaintiff also sues for the recovery of liquidated damages to the extent authorized by statute.

6.2 Plaintiff sues for actual and compensatory damages in an amount in excess of the minimal jurisdictional limits of this Court. Plaintiff seeks equitable and money damages from the defendants to whom such damages apply, and only to the extent permitted by law.

6.3 The wrongful conduct of Defendants is evidenced by a consciously indifferent attitude toward employees who are protected under the USERRA and civil rights laws. Defendants acted in bad faith and are not entitled to sovereign or qualified immunity.

## 7. PRAYER

7.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause Plaintiff has the following

relief:

7.2 Judgment against Defendants for actual damages sustained by Plaintiff as alleged herein, including relief available at law and/or in equity;

7.3 Judgment against Defendants for damages for pain and suffering, emotional harm, humiliation, and related damages;

7.4 Pre-judgment interest at the highest legal rate;

7.5. Post-judgment interest at the highest legal rate until paid;

7.6. Liquidated damages to the fullest extent permitted at law;

7.7. Lost wages and benefits;

7.8. Reasonable and necessary attorneys' fees;

7.9. Costs and expenses;

7.10. Such other and further relief, at law or in equity, general or special to which Plaintiff may show himself justly entitled.

Respectfully submitted

_____/S/_____
MARTIN SHELLIST
**STATE BAR #00786487**
TODD SLOBIN
**STATE BAR #24002953**
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF

of Counsel:
SHELLIST✶LAZARZ, LLP.